**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

DEBORAH A. MOLENDA,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a Delaware corporation; MARY FLORA CRUZE, individually and as Trustee of the Albert J. Cruze Revocable Living Trust,

    Defendants.

**Case No.** CV 08-5111 JKA

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the court on cross motions for summary judgment. The defendant, Metropolitan Life Insurance Company, has interplead the proceeds of a policy of insurance on the life of Albert J. Cruze, deceased. Decedent's daughter, Deborah A. Molenda, seeks the proceeds of the policy claiming to be the last designated beneficiary. Defendant Mary Flora Cruze (surviving spouse of Albert J. Cruze) claims the proceeds individually and as the Trustee of the Albert J. Cruze Revocable Living Trust.

The court has considered both parties motions, responses, and replies, in support of and in response to both motions, as well as the files and records herein.

Both plaintiff and defendant concur that the matter is ripe for decision as a matter of law. In her response to defendant trustee's motion for summary judgment, plaintiff asserts the question to be:

Whether Molenda is entitled to payment of the proceeds of the deceased's

Order - 1

insurance Plan as the named primary beneficiary of that Plan.

In defendant's response to plaintiff's motion for summary judgment, defendant Cruze poses the question as follows:

> Whether the Trustee is entitled to the proceeds of the decedent's Metropolitan Life insurance where the clear and unambiguous language of the beneficiary designation form specified that decedent should 'Complete this section ONLY if you have named a trust established separately from your will as beneficiary."

The parties, therefore, ask this court to determine as a matter of law whether or not the completion of the *"Trust Information"* section of the Beneficiary Designation form trumps the *"Beneficiary Information"* section of the <u>BENEFICIARY DESIGNATION</u> form.

## STIPULATED FACTS

It is undisputed as follows:

(1) On January 10, 1998, Albert J. Cruze executed a Revocable Living Trust naming himself as both trustor and trustee. Section 8.01 provides that upon the resignation, incapacity, or death of Albert, his daughters Deborah A. Molenda and Sheryl M. Gaskell will serve as co-successor trustees. Section 3.03(b) provides that upon his death, his then wife, Anna M. Cruz, would have unrestricted use of the assets during her lifetime, and upon her death the balance of the trust estate was to be divided equally between his daughters, Deborah A. Molenda and Sheryl M. Gaskell. Section 1.03(b) of the trust document provided for the trust receiving proceeds of life insurance policies "relating to the life of anyone." This section also recognized that the designation of the trust as beneficiary was "revocable" unless otherwise stated on the benefit document.

(2) On October 7, 1999, Albert J. Cruze executed a "Pour-Over Last Will and Testament." Albert identifies himself as a "widower" in this document. He names Deborah A. Molenda as his personal representative, and gives his estate to the "trustee of the trust" (his January 10, 1998 Revocable Living Trust).

(3) On October 7, 1999, Albert J. Cruze executed a First Amendment to his January 10, 1998 Revocable Living Trust, naming his daughter Deborah A. Molenda as First Successor Trustee, and Deborah A. Molenda as the sole designated beneficiary. He specifically makes no provision for Sheryl M. Gaskell. Therefore (as set forth in (4) immediately following), at the time the BENEFICIARY DESIGNATION form at the center of the dispute was completed, Deborah

Order - 2

A. Molenda was the "First Successor Trustee" and sole beneficiary of the trust.

**(4) On January 4, 2000, on a BENEFICIARY DESIGNATION form, Albert J. Cruze completed the *Beneficiary Information* portion naming his "daughter," Deborah A. Molenda 100% Primary Beneficiary of a $10,000 life insurance policy issued by Metropolitan Life Insurance Company. On the next page of the same form under *Trust Information* (to be completed ONLY if you have named a trust established separately from your will as a beneficiary) he identifies the existence of a trust dated January 10, 1998, wherein he (Albert J. Cruze) is the trustee.**

(5) On July 15, 2003, Albert J. Cruze executed a Second Amendment to his January 10, 1998 Revocable Living Trust, designating his daughters Deborah A. Molenda and Sheryl M. Gaskell as Co-Successor Trustees in the event of his death, resignation, or incapacity. The beneficiaries are re-designated as his daughters Deborah and Sheryl equally.

(6) On February 8, 2005, Albert J. Cruze executed a Third Amendment to his Revocable Living Trust: ***Established January 31, 2005***.[1] This document (a) unilaterally revokes a prenuptial agreement made Feb, 19, 2002; (b) divides his "property" in equal thirds among his current wife, Mary Cruze, his daughter Deborah Molenda, and his daughter Sheryl Gaskell; and (c) states that his wife Mary Cruze "has her name on my bank accounts" without stating what effect that is to have on the equal distribution of the property; and (d) distributes one item of personal property each to his wife, one daughter, and one granddaughter. Oddly, this document which purports to be a trust amendment, designates his daughters to "share as executor." "Executor" is a term ordinarily used to describe the personal representative in a will, not a *trust* document.

(7) On January 4, 2006, Albert J. Cruze executed a Fourth Amendment to his January 10, 1998 Revocable Living Trust giving all of the trust estate to his wife Mary Cruze, unless she predeceases Albert, in which case the entirety of the trust is to go to his daughter, Sheryl M. Gaskell. This amendment specifically makes no provision for his daughter Deborah Molenda.

**DISCUSSION**

---

[1] The court has no way of knowing if the date January 31, 2005 is a scriveners error, or if there is in fact a subsequent Revocable Living Trust not provided to the court in connection with the motions. It is interesting to note the proximity in time to this Third Amendment (8 days) and the reference to an earlier prenuptial agreement. The court is not aware of the date of Anna's death or the date of the marriage to Mary.

Order - 3

Interestingly both sides strenuously argue that there is no ambiguity. In her motion plaintiff cites <u>Allstate Insurance Co. V. Ellison, 757 F.2d 1042 (9th Cir.1984)</u>, for the proposition that "Courts interpret terms in ERISA Insurance policies 'in an ordinary and popular sense as would a [person] of average intelligence and experience." Thereafter, plaintiff further cites <u>Evans v. Safeco Life Ins. Co.</u>, 916 F.2d 1437, 1441 (9th Cir.1990) where the court stated "we will not artificially create ambiguity where none exists." Defendant concurs with plaintiff's position regarding "ambiguity."

Both parties appear to be in agreement that the issue should be resolved by way of summary judgment, and that no ambiguity exists or need be created. A review of the stipulated facts, as set forth above, makes for an interesting exercise. Each side argues that a "person of *average* intelligence and experience" could only interpret the facts in favor of their diametrically opposed independent conclusions. This argument puts the court in the position of being without average intelligence and experience (in the eyes of the losing party) by resolving the matter in favor of one party or the other at this stage of the proceedings. Nonetheless, this court is satisfied that the matter is ripe for adjudication. There is no factual issue that could be resolved by way of trial. Both parties are asking the court to determine the intent of the deceased, and each have presented what evidence they have to support their respective contentions.

On January 4, 2000, the date that Deborah A. Molenda was named 100% primary beneficiary of the policy in question, she was the only designated beneficiary of the Albert J. Cruze Revocable Living Trust. On that date, there would have been no useful purpose in distributing the policy proceeds to Deborah through the trust. While it is certainly possible that Albert's intentions changed over the years (as evidenced by his multiple amendments to the trust document) he obviously made no attempt to change the beneficiary designation on the policy in question. The court understands defendants' argument that if Albert believed he had named the trust as beneficiary there would be no need to change the policy beneficiary designation. The court cannot make that inference. It is just as obvious that insurance policies are often if not ordinarily dealt with outside the estate or trust as another vehicle to distribute assets. This court has no information before it with regard to the size of the decedent's estate, what other assets were in or outside of the trust, or what other insurance policies may have existed, and cannot make a decision based on speculation or conjecture. It is just as easy to speculate that Albert J. Cruze was consumed with manipulating family members by regularly altering his estate planning

Order - 4

devices, as it is to speculate that he was the regular victim of family members influence. The court reaches no conclusion in this regard. Clearly, the policy administrator should have noted the obvious incompatible language in the *Beneficiary Information* with the entry of any language in the *Trust Information* on the BENEFICIARY DESIGNATION form. Failure to do so, contributed mightily to the conundrum faced by the parties and the court.

### **CONCLUSION:**

Based on the foregoing discussion, the court concludes that the designation of Deborah A. Molenda as 100% beneficiary on the *Beneficiary Information* section of the BENEFICIARY DESIGNATION form for the policy in question speaks for itself. Defendants' allegations that the completion of the *Trust Information* section effectively distributes the policy proceeds to the trust fails.

**Plaintiff's Motion for Summary Judgment is granted.**

**Defendants' Motion for Summary Judgment is denied.**

Dated this 11th day of August 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

Order - 5